UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG-BAO P. OU-YOUNG,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN G. ROBERTS, JR., et al.,<br><br>  Defendants.<br>_____/ | No. C-13-4442 EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY OR RECUSE**<br><br>**(Docket No. 30)** |

Plaintiff Kuang-Bao P. Ou-Young ("Plaintiff") filed the current action against various federal judicial officers and federal court personnel (collectively "Defendants") alleging violations of federal criminal statutes, pursuant to 18 U.S.C. § 1512(b), 18 U.S.C. § 1512 (c), and 18 U.S.C. § 371, seeking compensatory damages, punitive damages, declaratory, and other miscellaneous relief. Now pending before this Court is Plaintiff's administrative motion to disqualify the undersigned judge (Docket No. 30).

Having considered the papers filed and accompanying submissions, as well as all other evidence of record, the Court hereby **DENIES** the motion for the reasons set forth below.

## I.   FACTUAL & PROCEDURAL BACKGROUND

On February 2, 2010, Plaintiff sued the United States Postal Service (the "USPS"), alleging employment discrimination (Case No. C10-464 RS, or "*Ou-Young I*"). Compl. ¶ 15. Judge Seeborg granted the USPS' motion for summary judgment and entered judgment against Plaintiff. *Id*. at ¶16. The Ninth Circuit affirmed and the United States Supreme Court denied Plaintiff's petition for writ of certiorari. *See Ou-Young I*, No. C10-464 RS, Docket Nos. 63, 67.

On May 31, 2012, Plaintiff sued several employees of the USPS, some of whom served as witnesses in *Ou-Young I*, alleging various acts of retaliation, intimidation, and conspiracy similar to that at issue in *Ou-Young I* (Case No. C12-2789 LHK, or "*Ou-Young II*"). *Id*. at ¶ 17.  On November 9, 2012, Judge Koh, the presiding judge, dismissed with prejudice Plaintiff's 61 claims on grounds the underlying statutes do not provide a private right of action. *Id*. at ¶ 34.  Later, Plaintiff moved to disqualify Judge Koh and Judge Lloyd, the referral magistrate judge.  In light of Judge Koh's dismissal order, the motions were denied as moot.  Subsequently, Plaintiff brought five more motions, renewing his motions to disqualify Judge Koh and Judge Lloyd, in addition to three substantive motions – motion for sanctions, motion for summary judgment, and motion to vacate Judge Koh's dismissal order.  The motions were denied.

Then, on August 7, 2013, Plaintiff sued Chief Justice John Roberts of the United States Supreme Court, the Solicitor General Donald Verrilli, United States Attorney General Eric Holder, and certain personnel of the United States Supreme Court, ostensibly for the handling of Plaintiff's petition for writ of certiorari in *Ou-Young I* (Case No. C13-3676 SI, or "*Ou-Young IV*").

On September 25, 2013, Plaintiff brought the current action, asserting 80 claims, against various defendants, including Chief Justice Roberts of the United States Supreme Court, for his "responsibility for supervising the lower courts," see Compl. ¶ 126; Chief Judge Claudia Wilken for the Northern District of California, for her responsibility stemming from claims asserted against defendant Martha P. Brown, courtroom deputy to Judge Koh, both of whom are also defendants, see Compl. ¶ 124; the United States Attorney General Eric Holder, for claims against United States Attorney for the Northern District of California, Melinda Haag and Assistant United States Attorney James Scharf, both of whom represented the USPS in *Ou-Young I*, see Compl. ¶ 125.

///
///
///
///
///
///

On October 10, 2013, the current action was assigned to undersigned judge. Defendants[1] have moved to dismiss Plaintiff's complaint and to declare Plaintiff a vexatious litigant. Docket Nos. 24, 28. Upon Defendants' motion, the undersigned judge entered an order extending time for Defendants' response to Plaintiff's complaint and to vacate the initial case management conference. Docket No. 26. Defendants moved to relate the current action with *Ou-Young IV*. The undersigned judge found that no cases were related to the current action. Docket No. 21. Currently before this Court is Plaintiff's motion to disqualify the undersigned judge. Docket No. 30.

## II. DISCUSSION

A. Legal Standard

Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," whereas section 455(b) enumerates certain circumstances meriting recusal. *See generally* 28 U.S.C. § 455. Section 455 imposes a self-enforcing duty on a judge to consider any obvious basis for recusal, even when the only basis is personal bias or prejudice. *U.S. v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980). Additionally, this district's local rules neither mandates nor precludes referral of the motion to disqualify to another judge where the motion is made pursuant to section 455. *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994). Thus, the decision of whether to preside over a motion to disqualify rests with the individual judge. *See id.* Here, Plaintiff contends the undersigned judge should be disqualified pursuant to subdivision (a) of section 455. Accordingly, absent a referral, the undersigned judge must decide "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *U.S. v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

///

///

---

[1] The United States Attorneys are appearing in the current action as amicus curiae. Additionally, they are moving to dismiss Plaintiff's complaint on behalf of <u>all</u> "Federal Defendants," which is defined as "all Defendants affiliated with the federal government, including Chief Justice Roberts, Attorney General Holder, Chief District Judge Wilken, District Judge Koh, U.S. Magistrate Judge Lloyd, Deputy Clerks of the U.S. District Court for the Northern District of California [sic] Brown and Salinas-Harwell, U.S. Attorney for the Northern District of California Haag, and Assistant U.S. Attorney Scharf." *See* Docket No. 24 (Motion to Dismiss, at pg. 1, n. 1).

B.      Impartiality of the Undersigned Judge

Plaintiff asserts two factual bases for why the undersigned judge should be disqualified. First, the undersigned judge granted Defendants' motion to extend time to respond to Plaintiff's complaint, and relatedly, did so without providing him an opportunity to oppose the motion. Second, the undersigned judge "fabricated the referral of the motion to relate case [sic]," despite knowing an earlier collateral motion to relate cases[2] was "fabricated." The second basis is contradicted by the record because the undersigned judge found no cases related to the present one. It thus cannot form the factual predicate for bias.

The first basis is also deficient because Plaintiff has failed to identify an extrajudicial source of bias. By contrast, Plaintiff has effectively only identified a prior ruling against him as evidence of bias. However, prior rulings rarely, if ever, give rise to disqualification or recusal. *See Liteky v. U.S.*, 510 U.S. 540, 555 (1994) (noting that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999) (affirming district court's denial of motion to recuse where only evidence of bias were judge's rulings on prior motions and a general allegation of discrimination) (quoting *Liteky*). Put simply, Plaintiff has failed to identify a factual basis, extrajudicial or otherwise, for recusal that would lead a reasonable person to question the undersigned judge's impartiality. Accordingly, Plaintiff's motion to disqualify or recuse is DENIED.

///
///
///
///
///
///
///

---

[2] Defendants in *Ou-Young I* moved to relate that case with *Ou-Young II*. *See Ou-Young I*, No. C10-464 RS, Docket No. 60. Judge Seeborg ultimately found no related cases. *See id.* at Docket No. 61.

### III. CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Plaintiff's motion to disqualify the undersigned judge from the current matter.

This order disposes of Docket No. 30.

IT IS SO ORDERED.

Dated: November 22, 2013

_____
EDWARD M. CHEN
United States District Judge

5