UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG-BAO P. OU-YOUNG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN G. ROBERTS, JR., et al.,<br><br>　　　　Defendants.<br>_____/ | No. C-13-4442 EMC<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION TO DISQUALIFY OR RECUSE**<br><br>**(Docket No. 35)** |

　　　　Plaintiff Kuang-Bao P. Ou-Young ("Plaintiff") filed the current against various federal judicial officers and federal court personnel alleging violations of federal criminal statutes, pursuant to 18 U.S.C. § 1512(b), 18 U.S.C. § 1512 (c), and 18 U.S.C. § 371, seeking compensatory damages, punitive damages, declaratory, and other miscellaneous relief.  Now pending before this Court is Plaintiff's second "administrative motion to disqualify " the undersigned judge (Docket No. 35).

　　　　Having considered the papers filed and accompanying submissions, as well as all other evidence of record, the Court hereby **DENIES** the motion for the reasons set forth below.

## I.　FACTUAL & PROCEDURAL BACKGROUND

　　　　The factual and procedural record relevant to the current motion is more fully set forth in an earlier order denying Plaintiff's motion to disqualify the undersigned judge, pursuant to 28 U.S.C. § 455.  *See* Docket No. 33.  In relevant part, on September 25, 2013, Plaintiff filed the current action against various federal officers, including Chief Judge Claudia Wilken of the Northern District of California and two United States Attorneys, who represented the federal government in an earlier action brought by Plaintiff.  *See generally* Docket No. 1 (Complaint).  The United States (the

"Government")¹ has moved to dismiss the current action and to declare Plaintiff a vexatious litigant. *See* Docket Nos. 24, 28. Plaintiff then moved to disqualify the undersigned judge pursuant to 28 U.S.C. § 455, alleging bias or prejudice based on a prior ruling on a motion to relate cases. *See* Docket No. 30. The Court denied that motion for, *inter alia*, Plaintiff's failure to identify an extrajudicial source of bias or prejudice. Docket No. 33.

Currently before this Court is what appears to be a renewed motion to disqualify the undersigned judge, pursuant to 28 U.S.C. § 455. Docket No. 35.

## II. DISCUSSION

A.  Legal Standard

Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. Section 144 similarly provides that when a party believes a judge harbors personal bias or prejudice against him, he may seek disqualification or recusal by filing an affidavit stating facts and reasons for his belief:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

*U.S. v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (quoting 28 U.S.C. § 144).

Section 455 complements section 144 and imposes a self-enforcing duty on a judge to consider any obvious basis for recusal, even when the only basis is personal bias or prejudice. *Sibla*, 624 F.2d at 868. Thus, a properly filed motion and affidavit under section 144 requires a judge to first consider any obvious grounds for recusal under section 455; then, if the judge declines recusal,

---

¹ Though not a named party, the Government appears in the current action as *amicus curiae* contending Plaintiff's lawsuit "interferes with the orderly administration of justice."

the matter is referred to another judge for consideration, if the affidavit prepared pursuant to section 144 is facially sufficient. *Id.*

B. <u>Renewed Motion to Disqualify</u>

Plaintiff appears to renew his earlier motion to disqualify the undersigned judge, pursuant to 28 U.S.C. § 455(a). *See* Docket No. 35 (Mot., at pg. 2) (describing "issue to be determined" as "Whether judge [sic] Chen has shown sufficient bias against plaintiff to be disqualified under 28 U.S.C. § 455(a) from the present case."). The only factual basis for Plaintiff's renewed motion is "judge [sic] Chen has fabricated the denial of motion to disqualify judge [sic]" by not recusing himself from the current action. *See id.* at, pg. 3. Plaintiff further contends that "*In re Bernard* may have justified judge [sic] Chen's denial of motion to disqualify judge [sic]. However, the justification has acquiesced in the violation of 28 U.S.C. § 144 at the same time." *Id.* (italics in original).

The current motion is denied to the extent it bases disqualification or recusal on the undersigned judge's ruling on Plaintiff's first motion to disqualify for the same reasons set forth in the Court's earlier order. *See* Docket No. 33 ("The first basis is also deficient because Plaintiff has failed to identify an extrajudicial source of bias."). Plaintiff simply offers no facts or evidence of a fabrication or how the Court's earlier order "acquiesced" in a violation of 28 U.S.C. § 144.

To the extent Plaintiff is arguing that the current motion should be referred to another judge pursuant to 28 U.S.C. § 144, that contention also fails. As noted above, section 144 requires Plaintiff to file an affidavit stating reasons for the belief that bias or prejudice exists. *Sibla*, 624 F.2d at 867 (quoting 28 U.S.C. § 144). In addition to failing to file an affidavit, Plaintiff's motion fails to identify any facts demonstrating bias or prejudice against him.

Even were the undersigned judge to construe Plaintiff's contentions as an affidavit, section 144 would not mandate a referral because such an "affidavit" would be facially and legally insufficient. "An affidavit filed pursuant to that section is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *Sibla*, 624 F.2d at 868 (affirming district court's denial of motion to recuse and rejection of an affidavit that was "devoid of specific fact

3

allegations tending to show personal bias stemming from an extrajudicial source."). Plaintiff's motion is devoid of any facts that would fairly support a contention of bias or prejudice.

In sum, Plaintiff's second motion, like the first, fails to identify a factual basis, extrajudicial or otherwise, for recusal that would lead a reasonable person to question the undersigned judge's impartiality. Accordingly, Plaintiff's second motion to disqualify or recuse is DENIED.

### III. CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Plaintiff's second motion to disqualify the undersigned judge from the current matter.

This order disposes of Docket No. 35.

IT IS SO ORDERED.

Dated: December 10, 2013

_____
EDWARD M. CHEN
United States District Judge