UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG-BAO P. OU-YOUNG, | No. C-13-4442 EMC |
| Plaintiff, | **ORDER GRANTING UNITED STATES' MOTION TO DISMISS AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT** |
| v. | |
| JOHN G. ROBERTS, JR., *et al.*, | |
| Defendants. | **(Docket Nos. 24, 28, 38)** |

Plaintiff Kuang-Bao P. Ou-Young ("Plaintiff") filed the current action against various federal judicial officers, federal prosecutors, and federal court personnel ("Defendants") alleging violations of federal criminal statutes, pursuant to 18 U.S.C. § 1512(b), 18 U.S.C. § 1512 (c), and 18 U.S.C. § 371, and the Federal Tort Claims Act ("FTCA"), codified at 28 U.S.C. § 2671 *et seq.*, seeking compensatory damages, punitive damages, declaratory, and other miscellaneous relief. Now pending before this Court are two motions brought by the United States, who is specially appearing on behalf of Defendants: (1) Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") (Docket No. 24); and (2) Motion to Declare Plaintiff a Vexatious Litigant (Docket No. 28).

Having considered the parties' moving and response papers, the Court hereby **GRANTS** both motions. Pursuant to Local Civil Rule 7–1(b), the Court concludes that these motions are appropriate for determination without oral argument.[1]

---

[1] *See* N.D. Cal. Civil L.R. 7–1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.").

## I. FACTUAL & PROCEDURAL BACKGROUND

Over the course of a few years, Plaintiff has filed five lawsuits, and initiated transactionally-related misconduct proceedings, which are summarized as follows:

(1) ***Ou-Young v. Potter*, No. C10-0464 RS (N.D. Cal. Feb. 2, 2010) ("*Ou-Young I*")**. Plaintiff sued the United States Postal Service (the "USPS"), alleging employment discrimination. *See* Docket No. 28-1 (Declaration of Claire T. Cormier, or "Cormier Decl.," Ex. 1) (Compl.).[2] The Court granted the defendants' motion to dismiss Plaintiff's Third Amended Complaint, with prejudice, as to some but not all of Plaintiff's claims. Cormier Decl., Ex. 1 (Docket No. 29). Subsequently, the Court granted the defendants' motion for summary judgment and entered judgment in favor of defendants. *Id*. (Docket Nos. 42, 51, 53-54). Plaintiff appealed and the Ninth Circuit affirmed. *Id*. (Docket Nos. 55, 63). Plaintiff's petition for rehearing en banc was denied, see id. (Docket No. 64), as was his petition for a writ of certiorari to the United States Supreme Court, see id. (Docket Nos. 66-68).

(2) **Misconduct proceedings arising out of *Ou-Young I***. On July 17, 2011, Plaintiff filed a misconduct complaint against Judge Seeborg based on his summary judgment ruling. Cormier Decl., Ex. 9 (Complaint in *Ou-Young IV*, at ¶ 16). The Ninth Circuit dismissed the judicial misconduct complaint. *Id*. at ¶ 17. Plaintiff then petitioned the Ninth Circuit Judicial Council for review of the dismissal of the misconduct complaint. *Id*. at ¶ 18. The Ninth Circuit Judicial Council denied this petition unanimously. *Id*. at ¶ 19. Based on these denials, Plaintiff filed a misconduct complaint against the Ninth Circuit Judicial Council and Judge Seeborg. *Id*. at ¶ 20. This misconduct complaint was dismissed by Judge Pregerson. *Id*. at ¶ 24. Following this denial, Plaintiff petitioned the United States Judicial Conference for review of the Ninth Circuit Judicial Council's denial of his petition for review. *Id*. at ¶ 25. Plaintiff requested that the United States Judicial Conference suspend relevant rules due to the unanimity of the denial of his petition for review. *Id*. Plaintiff then filed a misconduct complaint against the Ninth Circuit Judicial Council and Judges Pregerson and Seeborg based on Judge Pregerson's dismissal of the misconduct complaint. *Id*. at ¶ 26. The Office of the General Counsel of the Administrative Office of the United States Courts notified Plaintiff of its refusal to forward his petition for review to the United States Judicial Conference. *Id*. at ¶ 32. Judge Reinhardt dismissed the

---

[2] The Court grants the United States' request to take judicial notice of previous actions brought by Plaintiff. *See* Docket No. 28-1 (Cormier Decl., at ¶ 3). This Court may take judicial notice of the records of other courts or tribunals germane to the issues in this action. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

misconduct complaint against the Ninth Circuit Judicial Council and Judges Pregerson and Seeborg. *Id*. at ¶ 37.

(3) ***Ou-Young v. Vasquez*, No. C12-02789 LHK (N.D. Cal. May 31, 2012) ("*Ou-Young II*")**. Plaintiff sued his co-workers and supervisors based on the same factual allegations of *Ou-Young I*. Cormier Decl., Ex. 3 (Docket No. 1, at ¶¶ 9-12). Plaintiff also filed an administrative motion to disqualify Magistrate Judge Howard R. Lloyd as the referral judge. *Id*. (Docket No. 16). The defendants filed a motion to dismiss. *Id*. (Docket No. 20). Plaintiff responded by filing a motion for sanctions, opposing the motion to dismiss, and moving for summary judgment. *Id*. (Docket Nos. 23-24). Jude Koh denied Plaintiff's motions to disqualify Magistrate Judge Lloyd, his motion for sanctions, and his motion for summary judgment and granted the defendants' motion to dismiss. Cormier Decl., Ex. 4. Plaintiff filed administrative motions to disqualify Judge Koh and Judge Lloyd; both motions were denied by Judge Koh. Cormier Decl., Ex. 3 (Docket Nos. 30, 31, 32). Plaintiff moved for summary judgment again on December 5, 2012, and moved to vacate the order granting the defendants' motion to dismiss, moved for sanctions, and moved again to disqualify Judge Koh and Magistrate Judge Lloyd. *Id*. (Docket Nos. 33-39). Plaintiff's motions were denied. *Id*. (Docket No. 48).

(4) ***Ou-Young v. Rea*, No. C13-03118 PSG (N.D. Cal. July 5, 2013) ("*Ou-Young III*")**. Plaintiff filed his third case in this District on July 5, 2013. Cormier Decl., Ex. 6 (Docket No. 1, at ¶¶ 1-2). There, Plaintiff sued employees of the United States Patent and Trademark Office because they rejected his patent application for "High Volume Dripping Hoses." The defendants moved to dismiss. Cormier Decl., Ex. 6 (Docket No. 7). Plaintiff also moved for summary judgment. *Id*. (Docket No. 12). Though he had previously consented to the jurisdiction of the magistrate judge, on October 10, 2013, Plaintiff moved to disqualify Magistrate Judge Grewal. Cormier Decl., Ex. 6 (Docket Nos. 4, 20). The court granted the defendants' motion to dismiss with prejudice and denied Plaintiff's motions to disqualify Magistrate Judge Grewal and for summary judgment. *Id*. (Docket No. 22).

(5) ***Ou-Young v. Roberts*, No. C13-03676 SI (N.D. Cal. Aug. 7, 2013) ("*Ou-Young IV*")**. On August 7, 2013 Plaintiff filed his fourth case in this District. Cormier Decl., Ex. 9. There, Plaintiff sued Chief Justice Roberts, Attorney General Holder, Solicitor General Verrilli, Supreme Court Clerk Suter, and two other Supreme Court employees based on their involvement in the appeal of *Ou-Young I*. *Id*. (Compl., at ¶¶ 7-12). The defendants moved to dismiss. Cormier Decl. Ex. 8 (Docket Nos. 11-12). Plaintiff moved for summary judgment. *Id*. (Docket No. 16). Judge Illston granted Defendants' motion to dismiss and denied as moot Plaintiff's summary judgment motion. *Id*. (Docket No. 26).

3

(6) ***Ou-Young v. Roberts*, No. C13-4442 EMC (N.D. Cal. Sept. 25, 2013) ("*Ou-Young V*")**. On September 25, 2013, Plaintiff brought the current action, asserting 80 claims (and has since amended to add three additional claims), against various defendants, including Chief Justice Roberts of the United States Supreme Court, for his "responsibility for supervising the lower courts," see FAC ¶ 126; Chief Judge Claudia Wilken for the Northern District of California, for her responsibility stemming from claims asserted against defendant Martha P. Brown, courtroom deputy to Judge Koh, and defendant Tiffany Salinas-Harwell, docketing clerk to Judge Seeborg, all of whom are also defendants, see FAC ¶ 124; the United States Attorney General Eric Holder, for claims against the United States Attorney for the Northern District of California, Melinda Haag, and one of her Assistant United States Attorneys, James Scharf, both of whom represented the USPS in *Ou-Young I*, see FAC ¶ 125.

On October 10, 2013, the current action was assigned to undersigned judge. The United States moved to relate the current action (*Ou-Young V*) with *Ou-Young IV*. However, the cases were not related. Docket No. 21.

The United States moved to dismiss Plaintiff's complaint. Docket No. 24. Though not a named party, the United States is appearing specially appearing on behalf of the "Federal Defendants" – *i.e.*, "all defendants affiliated with the federal government, including Chief Justice Roberts, Attorney General Holder, Chief District Judge Wilken, District Judge Koh, U.S. Magistrate Judge Lloyd, Deputy Clerks of the U.S. District Court for the Northern District of California Brown and Salinas-Harwell, U.S. Attorney for the Northern District of California Haag, and Assistant U.S. Attorney Scharf." Upon the United States's motion, this Court extended time for Defendants' response to Plaintiff's complaint and vacated the initial case management conference. Docket No. 26. The United States also moved to declare Plaintiff a vexatious litigant (Docket No. 28).

The United States requests amicus curiae status to specially appear on behalf of Defendants, federal judicial officers, prosecutors, and court personnel. Plaintiff opposes and contends that as an unnamed third party, the United States lacks standing to appear or make any motions. The Court finds that the United States may specially appear in this action as an amicus curiae. *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C06-1254 SBA, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007) (explaining that, in general, courts have "exercised great liberality" in deciding whether to grant amicus curiae status, quoting In re Roxford Foods Litigation, 790 F. Supp. 987, 997 (E.D.

4

Cal.1991).  Additionally, the United States may appear on statutory grounds.  *See* 28 U.S.C. § 517. *See e.g.*, *Hollander v. Ranbaxy Laboratories Inc.*, 804 F. Supp. 2d 344, 352 (E.D. Pa. 2011) ("United States has a right to appear in any action in which it has an interest").  In short, Plaintiff's action threatens the United States' interest in the orderly administration of justice by hailing into court federal prosecutors, judges, and court personnel for alleged acts or omissions arising out of the execution of their official duties.  Courts in this circuit have also entertained motions to dismiss brought by amicus curiae.  *See e.g.*, *League of Women Voters of California v. F.C.C.*, 489 F. Supp. 517, 518 (C.D. Cal. 1980) (rejecting plaintiff's "motion to disallow filing of motion to dismiss" and ruling on United States Senate's motion to dismiss, where that party appeared as amicus curiae); *Boustred v. Gov't and Cnty. of Santa Cruz*, No. C-08-00546 RMW, 2008 WL 3842592, *1 (N.D. Cal. Aug. 14, 2008) (granting motion to dismiss filed by United States brought on behalf of itself, and, as *amicus curiae*, on behalf of "Federal Defendants").  In any event, the Court finds the issue of standing moot, as the grounds for dismissal in this action may be raised by the Court *sua sponte*. *See e.g.*, *See Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1117 (9th Cir. 2009) (federal courts have the authority and duty to decide whether jurisdiction is proper); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (affirming *sua sponte* dismissal of employer's counterclaim under Jones Act against employee where facts demonstrate the plaintiff "cannot possibly win relief.").

Currently before this Court are two of United States' motions: (1) Motion to Dismiss (Docket No. 24); and (2) Motion to Declare Plaintiff a Vexatious Litigant (Docket No. 28).  While these motions were pending, Plaintiff moved to disqualify the undersigned judge for the Court's ruling on the motion to relate cases.  Docket No. 30.  The Court denied this request.  Docket No. 33. Plaintiff renewed this motion, see Docket No. 35, which this Court again denied, see Docket No. 37.[3]

---

[3] Plaintiff has moved for the third time to disqualify the undersigned judge. Docket No. 38. As with his two previous motions, Plaintiff fails to identify facts evidencing extrajudicial source of bias. Accordingly, the undersigned judge **DENIES** Plaintiff's third motion to disqualify for reasons set forth in the Court's prior orders. *See generally* Docket Nos. 33, 37. Plaintiff also takes issue with the Court's refusal to refer the second motion to disqualify to another judge in this District. Plaintiff's contentions are without merit. As was noted in a prior order, a district court need not

United States District Court
For the Northern District of California

**II.    DISCUSSION**

A.    Motion to Dismiss

In this action, Plaintiff sues federal judges, federal prosecutors, and federal court personnel under (1) federal criminal statutes (claims 1-80), and (2) the FTCA (claims 81-83). The United States moves to dismiss all claims on behalf of Defendants pursuant to Rule 12(b)(1) and Rule 12(b)(6).[4]

1.    Legal Standard

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may raise the defense by motion that the court lacks "jurisdiction over the subject matter" of a claim. Fed. R. Civ. P. 12(b)(1). In such a motion, the plaintiff bears the burden of establishing the court's subject matter jurisdiction. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). "Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The United States, as a sovereign, is immune from suit, unless it consents. *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980). Accordingly, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Id.* at 475.

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). While "a complaint need not contain detailed factual allegations. . .it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Cousins v. Lockyer,* 568 F.3d 1063, 1067 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

---

refer a motion to disqualify under 28 U.S.C. § 144 where the affidavit is legally insufficient on its face for want of specific factual allegations of bias. *See* Docket No. 37 (Order, at pgs. 3-4), citing *U.S. v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) (affirming district court's denial of motion to recuse and rejection of an affidavit that was "devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source.").

[4] The United States is also contesting service and presumably is moving for dismissal under Rule 12(b)(5). Specifically, they argue that Plaintiff only served each defendant by priority mail, see Docket No. 24 (Mot., at pg. 10) ("Here, Plaintiff attempted to serve Defendants by priority mail only."), which they contend is insufficient. Plaintiff fails to address this argument. The Court declines to address this argument as moot.

6

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678.

2. Federal Criminal Statutes (Claims 1-80)

Plaintiff has sued all federal defendants, except Chief Justice Roberts, Chief Judge Wilken, and the United States Attorney General Holder, under three criminal statutes: (1) 18 U.S.C. § 1512(b) (proscribes "knowing" witness tampering); (2) 18 U.S.C. § 1512(c) (proscribes "intentional" witness tampering); and (3) 18 U.S.C. § 371 (proscribes committing an offense against or defrauding the United States). Plaintiff, for example, contends that defendant Salinas-Harwell, Judge Seeborg's docketing clerk, "fabricated the assignment of case C12-02789LHK [sic] to judge [sic] Lloyd," in violation of 18 U.S.C. § 1512(c), and did so to intimidate him, in violation of 18 U.S.C. § 1512(b). *See* Docket No. 10 (FAC, ¶¶ 48-49).

a. Immunity

As a threshold matter, this Court lacks jurisdiction because all federal defendants are immune from suit. For example, in claims 1 through 80, Plaintiff has sued U.S. District Judge Koh and U.S. Magistrate Judge Lloyd. This Court, however, lacks subject matter jurisdiction over these claims because federal judges are absolutely immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (federal judges are absolutely immune from civil liability for damages for their judicial acts); *Franceschi v. Schwartz*, 57 F.3d 8828, 830 (9th Cir. 1995) (same); *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (federal judges are also absolutely immune from claims for declaratory, injunctive, or other equitable relief arising from their judicial acts). *See also Boustred v. Gov't and Cnty. of Santa Cruz*, No. C-08-00546 RMW, 2008 WL 3842592, at *1 (N.D. Cal. Aug. 14, 2008) ("*Boustred I*") ("Here, Boustred sued the Federal Judges due to actions resulting from their official duties. Accordingly, the Federal Judges are entitled to judicial immunity and there can be no subject matter jurisdiction over the claims."). The immunity is broad in that it "applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Significantly, judicial immunity applies to any action taken by a judge in his or her judicial capacity,

7

see *Moore*, 96 F.3d at 1243, and Plaintiff has not alleged acts or omissions by the federal judges named herein occurring outside of the performance of their official duties.[5]

Similarly, federal prosecutors as sued herein – U.S. Attorney for the Northern District of California Haag and Assistant U.S. Attorney Scharf – enjoy absolute immunity. *See Fry v. Melaragno*, 939 F.2d 832, 838 (9th Cir. 1991) (finding IRS attorneys had absolute immunity from taxpayer's *Bivens* suit). *See also Vosburgh v. Welch*, No. 97-35071, 1998 WL 904675, at *1 (9th Cir. 1998) (unpublished disposition) ("All three are Assistant United States Attorneys, a position traditionally accorded absolute immunity ..."), citing *Demery v. Kupperman*, 735 F.2d 1139, 1143 (9th Cir. 1984) (noting "prosecutors, both state and federal, are absolutely immune" from section 1983 suits). Because Plaintiff is alleging violations of federal criminal statutes arising out performance of their official duties, see e.g., FAC, ¶ 47 ("On June 21, 2012, defendants Haag and Scharf fabricated the motion to relate case (¶ 18)."); ¶ 129 ("The attorney general of the United States is liable for the above claims against defendants Haag and Scharf as well."), these federal prosecutors are absolutely immune from suit.

Finally, federal court personnel named in this action – Deputy Clerk of the U.S. District Court for the Northern District of California Brown and Salinas-Harwell – also enjoy absolute quasi-judicial immunity where, as here, the alleged wrongdoing stems from the performance of their official duties.[6] *See Boustred I*, 2008 WL 3842592, at *1 (finding Clerk of the Court Richard W. Wieking entitled to quasi-judicial immunity); *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (court clerks are entitled to absolute immunity).

---

[5] *See e.g.*, Docket No. 1 (FAC) (¶ 53: "Judge Lloyd conspired with defendants Haag and Scharf for them to fabricate and file the June 21, 2012 motion to relate case"; ¶ 68 "Judge Koh conspired with defendants Haag and Scharf for them to fabricate and file the August 9, 2012 motion to dismiss case. . . .").

[6] *See e.g.*, FAC, ¶ 48 ("[D]efendant Salinas-Harwell fabricated the assignment of the case C12-02789LHK [sic] to judge [sic] Lloyd"); ¶ 78 (". . . [D]efendant Brown fabricated the notice continuing the hearing on the August 22, 2012 motion for sanctions and motion for summary judgment to November 15, 2012.").

b. Private Right of Action[7]

Even assuming this Court had subject matter jurisdiction over these defendants, Plaintiff cannot state a claim because the subject federal criminal statutes do not provide a private right of action. *See Rowland v. Prudential Fin., Inc.*, 362 Fed. Appx. 596 (9th Cir. 2010) (affirming dismissal of section 1512 claims "because those statutes do not provide a private right of action"); *Ou-Young v. Rea*, No. 5:13-CV-03118-PSG, 2013 WL 5934674, at *3 n. 27 (N.D. Cal. Nov. 4, 2013) ("Plaintiff has cited no authority, and the court knows of none, holding that a plaintiff can bring civil causes of action under 18 U.S.C. § 1512 or 18 U.S.C. § 371."); *Cox v. Randazza*, No. 2:13-CV-00297 MMD, 2013 WL 6408736, at *10 (D. Nev. Nov. 27, 2013) (finding 18 U.S.C. § 1512 "do[es] not appear to provide for a private right of action"); *Shahin v. Darling*, 606 F. Supp. 2d 525, 535 (finding 18 U.S.C. § 1512 does not "provide for a private right of action"), *aff'd by*, 350 Fed. Appx. 605 (3d Cir. 2009); *Fiorani v. Hewlett Packard Corp.*, No. C12-1240 PJH, 2012 WL 5383308, at *3 (N.D. Cal. Nov. 1, 2012) ("The statute cited by plaintiff [, 18 U.S.C. § 371,] is a criminal statute, with no private right of action.").

3. Federal Tort Claims Act (Claims 81-83)

Plaintiff has also sued Chief Justice Roberts, Chief Judge Wilken, and the United States Attorney General Holder for unspecified alleged violations of the FTCA. *See* Docket No. 10 (FAC, ¶¶ 128-130). For instance, Plaintiff contends that "Chief district [sic] judge [sic] Wilken is liable for the above claims against defendants Salinas-Harwell and Brown as well." *Id*. at ¶ 81.

///
///
///

---

[7] Plaintiff appears to contend that a dismiss under Rule 12(b)(6) violates *Bell v. Hood*, 327 U.S. 678 (1946). In sum, Plaintiff advances a misreading of *Bell*. Nonetheless, *Bell* is instructive here in the Rule 12(b)(6) context. A correct reading of *Bell* is that a dismissal for failure to state a claim is not a ruling on jurisdiction. Thus, the United States is incorrect when it characterizes a dismissal of the federal criminal statutory violations, for want of a private right of action, as one for lack of subject matter jurisdiction. *See e.g.*, *Arroyo-Torres v. Ponce Federal Bank, F.B.S.*, 918 F.2d 276, 280 (1st Cir. 1990) (declining to interpret *Bell* and noting "The question whether a [private] cause of action exists is not a question of jurisdiction."). This, however, is no more than an argument about semantics that is of no practical significance.

9

a. <u>Exhaustion</u>

This Court lacks jurisdiction over Plaintiff's FTCA claims because he failed to exhaust his administrative remedies. An action under the FTCA requires a plaintiff to first exhaust his administrative remedies. *See* 28 U.S.C. § 2675(a). Section 2675 provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the ***claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing*** and sent by certified or registered mail.

28 U.S.C. § 2675 (emphasis added). A district court lacks jurisdiction over FTCA claims where a plaintiff fails to exhaust his administrative remedies. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Burns v. U.S.*, 764 F.2d 722, 723 (9th Cir. 1985) ("The claim requirement of section 2675 is jurisdictional in nature and may not be waived."). The Ninth Circuit has "repeatedly held that the exhaustion requirement is jurisdictional in nature and must be interpreted strictly ... *It admits of no exceptions.*" *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (emphasis added). Although district courts are often sensitive to the plight of *pro se* litigants, for example, by liberally construing their filings, this does not to relieve them of jurisdictional requirements prescribed by statute. *McNeil*, 508 U.S. at 113 (affirming dismissal for *pro se* litigant's failure to exhaust remedies under the FTCA).

It is undisputed that Plaintiff failed to exhaust his remedies. He makes no allegations to the contrary. Nor does he address the exhaustion requirement in his response papers. Instead, Plaintiff responds that suing in federal court is his only option and no other administrative steps are required. Not so. Plaintiff has not alleged, for example, that he exhausted his remedies before the Administrative Office of the United States Courts. *See e.g.*, *Tsitrin v. Jacobs*, No. 12 CIV. 1411 NRB, 2012 WL 3689500, at *3 (S.D.N.Y. Aug. 23, 2012) ("Even had plaintiff pursued his claims through the Administrative Office of the United States Courts before bringing suit, they would still be subject to dismissal."). In light of Plaintiff's failure, his FTCA claims are accordingly dismissed for failure to exhaust remedies under the FTCA. *See e.g.*, *Gillespie v. Civiletti*, 629 F.2d 637, 640

(9th Cir. 1980) (affirming dismissal of FTCA claims against the United States Attorney General for *pro se* litigant's failure to allege exhaustion of remedies).

B.  Vexatious Litigant

As a regularly noticed motion, the United States has requested that this Court declare Plaintiff a vexatious litigant. Plaintiff has received notice of this motion and in fact filed a written opposition. *See* Docket No. 34.

1.  Legal Standard

District courts have the inherent power to enter pre-filing orders against vexatious litigants under the All Writs Act. 28 U.S.C. § 1651(a); *see Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). The Ninth Circuit has cautioned, however, that "such pre-filing orders are an extreme remedy that should rarely be used" because of the danger of "tread[ing] on a litigant's due process right of access to the courts." *Id.* Nevertheless, such pre-filing orders are sometimes appropriate because "[f]lagrant abuse of the judicial process ... enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

2.  *De Long* Factors

In *De Long*, the Ninth Circuit set forth the requirements for entering pre-filing orders against vexatious litigants:

> 1. The litigant must be given notice and opportunity to be heard before the order is entered.
>
> 2. The court must compile an adequate record for review, including a list of all filings and motions leading to the conclusion that an individual is a vexatious litigant.
>
> 3. The court must make substantive findings that the litigant's filings are frivolous or harassing.
>
> 4. The pre-filing order may not be overly broad, and must be "narrowly tailored to closely fit the specific vice encountered.

*De Long*, 912 F.2d at 1147-48.

### a. Notice and Opportunity To Be Heard

The first factor simply requires that the litigant be given an opportunity to oppose the order before it is entered. *De Long*, 912 F.2d at 1147. This factor is met here because the United States requested the order via a regularly noticed motion and Plaintiff has had an opportunity to file and in fact did file a written opposition.

The first *De Long* factor does not require an in-person hearing. Courts in this circuit have held that a motion to declare a litigant vexatious does not require oral argument. *See e.g.*, *Reddy v. MedQuist, Inc.*, No. CV 12-01324 PSG, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3, 2012) ("The requirement that the plaintiff receive an opportunity to be heard does not require an oral hearing; the opportunity to brief the issue fully satisfies due process requirements.") (internal quotation marks omitted); *Davis v. Living Trust of Michael J. Fitzgerald*, No. 2:12-CV-1939 JCM NJK, 2013 WL 3427904, at *6 (D. Nev. July 8, 2013) ("The court finds the pending motion properly decided without oral argument. *See* Local Rule 78–2. The requirement that the plaintiff have an opportunity to be heard does not require an oral hearing; 'the opportunity to brief the issue fully satisfies due process requirements.'"); *Fiechtner v. Young*, No. CV 13-9-M-DLC-JCL, 2013 WL 830653, at *3 (D. Mont. Feb. 6, 2013) ("An opportunity to be heard is satisfied by providing an opportunity to file a brief, and does not necessarily require an oral or evidentiary hearing in court."), *report and recommendation adopted* by 2013 WL 830189 (D. Mont. Mar. 4, 2013). Additionally, at least one Circuit Court of Appeals has held that a *pro se* litigant has a right to be heard on paper but not necessarily in person. *See e.g.*, *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) ("The notice and opportunity requirement does not, however, require an in-person hearing in the district court. Mr. Tripati is perfectly capable of reducing his objections to writing.").

### b. Adequate Record for Review

The second factor is merely procedural. *De Long*, 912 F.2d at 1147 ("An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed."). It requires only that the court compile a list of actions and filings by the litigant. *See e.g.*, *Hurt v. All Sweepstakes Contests*, No. C-12-4187 EMC, 2013 WL 144047, at *5 (N.D. Cal. Jan. 11, 2013) (finding the second De Long factor met where the court

"compiled a list of all the actions Plaintiff filed"). This factor is met here as the Court has listed and discussed each action that the Plaintiff has filed.

### c. Frivolous or Harassing Filings

The third factor "gets to the heart of the vexatious litigant analysis," see *Molski*, 500 F.3d at 1059, and requires the district court to look to the "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. *De Long*, 912 F.2d at 1148. "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059.

First, the Court notes that the number of cases filed by Plaintiff (five) is relatively low compared to other cases where litigants were found vexatious. *See De Long*, 912 F.2d at 1147 (citing cases involving 35, "over 50," and "over 600" actions); *Miles v. Makishima*, No. C-08-4091 MMC, 2009 WL 2512022, at *1 (N.D. Cal. Aug. 14, 2009) (same). However, the number of lawsuit filed by the litigant need not be numerous. *See Boustred v. Government*, No. C-08-00546 RMW, 2008 WL 4287570, *2 (N.D. Cal. Sept. 17, 2008) ("*Boustred II*") (finding "plaintiff has now brought three actions containing similar rambling, largely incomprehensible claims against a multitude of defendants" sufficient in terms of finding an "adequate record for review").

Second, while the number of filings here (five) does not establish Plaintiff as vexatious *per se*, the patently meritless nature of his filings and motions do. *See e.g.*, *Huggins v. Hynes*, 117 Fed. Appx. 517, 518 (9th Cir. 2004) (unpublished disposition) (affirming district court's pre-filing order in part because "Huggins abused the courts by repeatedly relitigating the same controversy and repeatedly filing frivolous motions and pleadings"). Plaintiff often names defendants who are clearly immune from suit. Plaintiff, for example, has sued the Chief Justice of the United States Supreme Court, John G. Roberts, Jr. This Court found this fact significant in a recent vexatious litigant case. *See Hurt*, 2013 WL 144047, at *6 (finding relevant litigant "named defendants who are immune to suit" as evidence of frivolousness). Moreover, the United States describes Plaintiff's persistence with legal theories that were soundly rejected in earlier actions. For instance, *Ou-Young III*, *Ou-Young IV*, and *Ou-Young V* (the current matter) are all based on alleged violations of three criminal statutes that Judge Koh found in *Ou-Young II* lacked a private right of action, causing her to

dismiss Plaintiff's claims with prejudice. Thus, in each of the three actions following *Ou-Young II*, Plaintiff has insisted on asserting claims under these federal criminal statutes in spite of and in contravention of Judge Koh's holding in *Ou-Young II*. Along the way, Plaintiff has also pursued meritless and wholly unsupported motions to disqualify U.S. District Judges Koh and Seeborg, as well as U.S. Magistrate Judge Lloyd. All of Plaintiff's motions to disqualify have lacked factual support and have been resoundingly denied. Plaintiff has even filed three baseless motions to disqualify the undersigned judge, which were premised entirely upon rulings made against him, since filing this action in September 25, 2013. *See generally* Docket Nos. 30, 35 and 38. Finally, the vociferous nature with which Plaintiff pursued misconduct proceedings against Judge Seeborg following *Ou-Young I* (and against any panel judges who ruled against him) rose to the level of harassment.

Third, certain of the Second Circuit's *Safir* factors, which the Ninth Circuit has found "helpful" in considering the third (frivolous and harassing filings) and fourth (narrow tailoring of order) *De Long* factors, are instructive here. *See Molski*, 500 F.3d at 1058 ("Thus, the Second Circuit's five-factor standard provides a helpful framework for applying the two substantive factors (factors three and four) of our own four-factor standard."). The Second Circuit standard as articulated in *De Long* considers:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Molski*, 500 F.3d at 1058 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). Courts in this district have also considered the *Safir* factors to augment the *De Long* factors. *See e.g.*, *Boustred II*, 2008 WL 4287570, at *2-3 (considering all five *Safir* factors); *Reddy v. MedQuist, Inc.*, No. CV 12-01324 PSG, 2012 WL 6020010, at *6-8 (N.D. Cal. Dec. 3, 2012) (same).

Most relevant here are the *Safir* factors three and four. First, since Plaintiff is not represented by counsel and instead proceeds *pro se*, this Court treads carefully when considering

14

whether and how to fashion an appropriate pre-filing order. *See De Long*, 912 F.2d at 1147 (noting use pre-filing orders to curb access to courts should be done with care where a *pro se* litigant is involved yet recognizing the courts are also free to enjoin litigants with "abusive and lengthy histories"). Second, the fourth *Safir* factor speaks directly to the factual scenario currently before this Court – though low in number, Plaintiff's filings and motions have imposed substantial costs upon Defendants and the courts, both in terms of time and money. *See e.g.*, *Moy v. U.S.*, 906 F.2d 467, 470 (9th Cir. 1990) (finding despite fact that litigant only "filed over five claims," those claims arose "out of the same set of operative facts," expended "a great deal of the district court's and defendants' time and money attempting to relitigate claims that the district court" had already found unsupported by facts or law as "sufficient justification for enjoining further complaints" but ultimately modifying district court's order as overbroad). Accordingly, while Plaintiff has filed relatively few actions, his lawsuits are frivolous, factually and legally unsupported, seek to relitigate previously rejected claims, and have been accompanied by meritless motions to disqualify stemming only from his dissatisfaction with rulings, which have imposed substantial cost to Defendants and the courts.

        d.      <u>Narrowly Tailored</u>

The fourth and final factor requires the pre-filing order be narrowly tailored to the vexatious litigant's wrongful behavior. *Molski*, 500 F.3d at 1061. "Narrowly tailored orders are needed 'to prevent infringement on the litigator's right of access to the courts.'" *De Long*, 912 F.2d at 1148 (citing *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983)). The United States requests the following pre-filing order:

> The Order should require pre-filing review for any cases that plaintiff attempts to file in the Northern District of California against the defendants in this case or his previous cases; any judges serving in the Northern District of California or the Ninth Circuit Court of Appeals; any justices serving in the Supreme Court of the United States; employees of the United States District Court for the Northern District of California, the Ninth Circuit Court of Appeals, or the Supreme Court of the United States; the Office of the United States Attorney for the Northern District of California; the United States Department of Justice; the Attorney General of the United States; the United States Attorney for the Northern District of California; or any Assistant United States Attorneys for the Northern District of California. These would include but not be limited to Balwant K. Grewal, Romeo

>    Gutierrez, Marisa Haley, Silver R. Ishmael, Ranvir Jhaj, Jung Kim, Roy Leon-Guerrero, Marilu Noseworthy, Chris Ortega, Juana Ortiz, John E. Potter, John Samuelsen, Charles (Jeff) Swanner, Roy Leon-Guerrero, Gurinder P. Pannu, Alejandro (Andy) B. Vasquez, Jason J. Boeckmann, Margaret A. Focarino, Donald T. Hajec, Thurman K. Page, Teresa S. Rea, Jeffrey Atkins, Redmond K. Barnes, Attorney General Eric H. Holder, Jr., Chief Justice John G. Roberts, Jr., William K. Suter, Donald B. Verrilli, Chief District Judge Claudia Wilken, District Judge Lucy Koh, U.S. Magistrate Judge Howard R. Lloyd, Deputy Clerk Martha Parker Brown, Deputy Clerk Tiffany Salinas-Harwell, U.S. Attorney Melinda Haag, Assistant U.S. Attorney James A. Scharf, and the United States of America.

*See* Docket No. 36 (Reply, at pg. 2, n. 1). The Ninth Circuit has found a similar pre-filing order overbroad. *Moy*, 906 F.2d at 470-71 (finding pre-filing order as overbroad that not only prevented litigant from filing any other claim based upon the facts and issues involved in a prior action but also precludes the filing of actions without leave of court based upon all other disputes in which he might be involved). Yet, in other cases, similarly overbroad pre-filing orders have been upheld. *See e.g.*, *Franklin v. Murphy*, 745 F.2d 1221, 1232 (9th Cir. 1984) (on a history of a "wide variety of frivolous actions" order strictly limited litigant to six actions per year); *Aref v. Marder*, No. 93-55470, 1994 WL 5541, at *1 (9th Cir. 1994) (unpublished opinion) (where litigant filed at least 21 actions and "continuously act[ed] in maliciously and in bad faith" order barred him from filing "'any action' in the Central District of California without first obtaining leave of court.").

Accordingly, although Plaintiff has filed relatively few lawsuits that are not as varied in terms of the types lawsuits, he has brought multiple lawsuits before multiple judges in this District, against various parties that are obviously immune from suit based on previously rejected theories, and has prolifically filed patently frivolous motions along the way, the Court finds it appropriate to deem him a vexatious litigant and to fashion a narrowly tailored pre-filing order as set forth herein.

### III.   CONCLUSION

Based on the foregoing, the Court hereby rules as follows:

(1) Plaintiff's claims against Defendants named in the current action are dismissed with prejudice and without leave to amend.

(2) Plaintiff must obtain leave of court before filing any further suits alleging any violations of the federal criminal statutes, pursuant to 18 U.S.C. § 1512(b), 18 U.S.C. § 1512 (c),

and 18 U.S.C. § 371, and the FTCA, codified at 28 U.S.C. § 2671 *et seq.*, involving parties that he named in the current case, or *Ou-Young I*, *Ou-Young II*, *Ou-Young III*, and *Ou-Young IV*, previously filed in this Court. The Clerk of this Court shall not accept for filing any further complaints filed by Plaintiff alleging any claims described herein until that complaint has first been reviewed by a judge of this court and approved for filing. The pre-filing review will be made by the general duty judge who will determine whether Plaintiff has stated a potentially cognizable claim in a short, intelligible and plain statement.

This order disposes of Docket Nos. 24, 28, and 38.

The Clerk shall enter judgment and close the file in this case.

IT IS SO ORDERED.

Dated: December 20, 2013

_____
EDWARD M. CHEN
United States District Judge